IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YU WEN PAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Civil Action No. 3:25-cv-265 |
| ) | Judge Stephanie L. Haines |
| LEONARD ODDO, ) | Magistrate Judge Kezia O.L. Taylor |
| ) | |
| Respondent. ) | |
| ) | |

## **MEMORANDUM ORDER**

Presently before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed *pro se* by Yu Wen Pan ("Petitioner") (ECF No. 1). Petitioner is under a final order of removal and on May 13, 2025, he was taken into custody when he reported in accordance with the reporting requirements of his order of supervision. Petitioner has been under a final order of removal since September 2, 1998, but presumably has been unable to be removed to his country of origin, China. On the same day he was taken into custody, Immigration Customs and Enforcement ("ICE") told him that his order of supervision had been revoked because of "changed circumstances" and that his removal was now imminent. Petitioner has been detained at Moshannon Valley Detention Center since that time and claims that his detention is unconstitutionally prolonged. He seeks immediate release from custody and an order preventing ICE from re-detaining him. This matter was referred to Magistrate Judge Kezia Taylor for proceedings in accordance with the Federal Magistrates Act, 28 U.S. C. § 636, and Local Civil Rule 72.D.

On December 1, 2025, Magistrate Judge Taylor filed a Report and Recommendation (ECF No. 21) recommending that the Petition (ECF No. 1) be granted in part and denied in part. Judge

1

Taylor recommended that the Petition be granted to the extent Petitioner is requesting to be released from custody, subject to and in accordance with the conditions of his preexisting Order of Supervision. It was further recommended that the Petition be denied without prejudice to the extent that Petitioner is seeking an injunction preventing his re-detention. Judge Taylor also recommended that Petitioner's Motion for Discovery (ECF No. 12) and Motion to Compel Discovery (ECF No. 19) be denied as moot. The Parties were provided 14 days file objections to the Report and Recommendation. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. Neither the Government nor Petitioner filed objections, and the time to do so has expired.

Upon review of the record and the Report and Recommendation (ECF No. 21) under the applicable "reasoned consideration" standard, *see EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (standard of review when no timely and specific objections are filed), and under Local Civil Rule 72.D.2, the Court will accept Magistrate Judge Taylor's conclusions that: (1) Petitioner is entitled to release, and (2) it is appropriate to deny the Petition without prejudice to the extent that Petitioner seeks an injunction preventing his re-detention.

Judge Taylor first states that in a re-detention situation, where Petitioner has been on supervised release, it is the burden of the Government to prove changed circumstances have caused "removal [t]o become significantly likely in the reasonably foreseeable future." ECF No. 21, p. 5 (citing *Kong v. United States*, 62 F.4th 608, 619-20 (1st Cir. 2023); 8 C.F.R. § 241.13(i)(2)). Judge Taylor found that the Government has not sustained its burden. Alternatively, Judge Taylor found that Petitioner has been detained since May 13, 2025, and thus has been detained beyond the presumptively reasonable six-month time period under *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (prescribing the presumptively reasonable time period as six months). Judge Taylor states that under *Zadvydas*, Petitioner has carried his burden of proffering "good reason to believe that

there is no significant likelihood of removal in the reasonably foreseeable future[.]" *Id.*

Further, the Petition will be denied without prejudice to the extent that Petitioner seeks an injunction preventing his re-detention. Petitioner is under final orders of removal pursuant to 8 U.S.C. § 1231 and, thus, is subject to detention under 8 C.F.R. § 241.13(i)(2).[1] These findings and the order to grant Petitioner release from ICE custody moots Petitioner's other motions as they all are related to his Petition seeking release from ICE custody.

Accordingly, the following order is entered:

## ORDER

AND NOW, this 21st day of December, 2025, IT IS ORDERED that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) hereby is GRANTED insofar as it seeks Petitioner be released from ICE detention; and,

IT IS FURTHER ORDERED that Respondents shall immediately release Petitioner from ICE detention, subject to and in accordance with the conditions of his preexisting Order of Supervision; and,

IT IS FURTHER ORDERED that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) hereby is DENIED without prejudice insofar as it seeks Petitioner not be re-detained by ICE; and,

IT IS FURTHER ORDERED that Magistrate Judge Taylor's Report and Recommendation (ECF No. 21) is adopted as the Opinion of the Court; and,

---

[1] " Revocation for removal. The Service may revoke an alien's release under this section and return the alien to custody if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future. Thereafter, if the alien is not released from custody following the informal interview provided for in paragraph (h)(3) of this section, the provisions of § 241.4 shall govern the alien's continued detention pending removal."  8 C.F.R. § 241.13(i)(2).

4

IT IS FURTHER ORDERED that the Motion to Allow Discovery (ECF No. 12) hereby is DISMISSED AS MOOT; and,

IT IS FURTHER ORDERED that the Motion to Compel Discovery (ECF No. 19) hereby is DISMISSED AS MOOT; and,

IT IS FURTHER ORDERED that the Clerk of Court is directed to mark this matter closed.

                                                 *Stephanie L. Haines*
                                                 Stephanie L. Haines
                                                 United States District Judge